IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION as receiver of
CRESCENT BANK AND TRUST
COMPANY,

                Plaintiff,

    v.

P.C.F., et al.

                Defendants.

CIVIL ACTION FILE NO.

1:13-CV-00801-JFK

## <u>ORDER AND WRITTEN OPINION</u>

On March 13, 2013, Plaintiff Federal Deposit Insurance Corporation as receiver of Crescent Bank and Trust Company ("FDIC-R") filed a complaint seeking to recover on the outstanding balance of a loan made by Crescent Bank and Trust Company on August 14, 2006. [Doc. 1]. In Count One of the complaint, Plaintiff alleges a breach of contract based on a restated note and assumption agreement against Defendants P.C.F., LLC ("PCF"), and Arnold's Valley Properties, LLC ("AVP") for failure to pay Plaintiff the amount owed as a result of an alleged default. [Id., Count One]. And, in Count Two of the complaint, Plaintiff alleges a breach of the guarantees on the restated note and assumption agreement by Defendants John C. Whitmore, Sr., Patricia D.

Whitmore, and John C. Whitmore, Jr. ("Whitmores") for failure to pay the amount owed as a result of an alleged default.  [Id., Count Two].[1]

On December 6, 2013, Plaintiff filed a motion for summary judgment on Counts One and Two of the complaint and for a judgment against all Defendants of $726,393.17 representing the principle remaining due, of $233,737.18 representing pre-judgment interest, of an amount to-be-determined for pre-judgment interest since October 25, 2013, through entry of final judgment at a daily rate of $322.84, of $26,306.32 in late charges and of post-judgment interest pursuant to 28 U.S.C. § 1961, and against Defendants Whitmores, $96,038.30 in attorney fees as of October 25, 2013, and increasing as pre-judgment interest accrues.  [Doc. 44].  Defendants responded conceding liability on the restated note and assumption agreement and guarantees but contending that disputed issues of material fact on the amount of the judgment preclude granting the motion for summary judgment.  [Doc. 49].  Plaintiff replied in support of the motion for summary judgment.   [Doc. 50].   After consideration of the arguments of the parties and the record before this court, the court grants the motion for summary judgment.

---

[1]In Count Three, alleged in the alternative, Plaintiff seeks recoupment of money had and received by Defendants, that is, the moneys obtained and interest and penalties owed on the defaulted note. [Doc. 1, Count III].  However, assuming judgment against Defendants on Counts One and Two, Plaintiff is not seeking relief on Count Three. [Doc. 44 at 2 n.1].

2

## I.    Facts

When evaluating the merits of a motion for summary judgment, the court must "view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party." Comer v. City of Palm Bay, Florida, 265 F.3d 1186, 1192 (11th Cir. 2001).  However, mere conclusions and unsupported self-serving statements by the party opposing summary judgment are insufficient to avoid summary judgment. See Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005); Plaisance v. Travelers Ins. Co., 880 F. Supp. 798, 804 (N.D. Ga. 1994) (conclusory allegations based on subjective beliefs and reliance upon speculation and unsubstantiated hearsay do not create a genuine issue of material fact).

As required by Fed. R. Civ. P. 56 and Local Rule 56, N.D. Ga., Plaintiff included with the motion for summary judgment "a separate, concise, numbered statement of material facts to which [Plaintiff] contends there is no genuine issue to be tried." L.R. 56.1B.(1), N.D. Ga.  And Plaintiff supported each fact with "a citation to evidence proving such fact." Id.  [Doc. 45].  The Local Rule further specifies that Defendants, as respondents to the summary judgment motion, shall include a response to Plaintiff's statement of undisputed facts that is "individually numbered, concise, non-argumentative responses corresponding to each of [Plaintiff's] numbered

undisputed material facts" and that the court will deem each undisputed material fact "as admitted unless" unless Defendants directly refute each statement with specific citation to evidence or state a valid objection to the admissibility of each fact or point out that Plaintiff's citation for each fact does not support the fact or is not material or fails to comply with the local rule.  L.R. 56.1B.(2), N.D. Ga.  The local rule also provides that the court will deem the Plaintiff's "citations supportive of its facts unless [Defendants] specifically inform[] the court to the contrary . . . ."  Id.  Defendants did not comply with L.R. 56.1B(2); they failed to provide any response to Plaintiff's statement of undisputed material facts.  [Doc. 49].

Compliance with Local Rule 56.1 is the "only permissible way . . . to establish a genuine issue of material fact" in response to the moving party's assertion of undisputed facts.  Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008).  "The proper course in applying Local Rule 56.1 at the summary judgment stage is for a district court to disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement."  Id.  The Court must then review the movant's statement of undisputed facts and ensure – by, "[a]t the least, . . . review[ing] all of the evidentiary materials submitted in support of the motion for summary judgment" – that the movant's statement of facts is in fact supported.  Id. at 1269 (quoting United States

4

v. One Piece of Real Property, 363 F.3d 1099, 1101-02 (11th Cir. 2004)) (internal quotation marks omitted).  As noted, Defendants filed a brief opposing Plaintiff's summary judgment motion, but Defendants' response "did not 'contain individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts.'"  Williams v. Slack, 438 Fed. Appx. 848, 850 (11th Cir. 2011) (quoting Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009)).  Therefore, Plaintiff's proffered material facts are deemed admitted to the extent that they are supported by the record, and the following facts are considered true for the limited purpose of evaluating Plaintiff's summary judgment motion.  See Reese, 527 F.3d at 1269.

On August 14, 2006, Defendant PCF borrowed the original principal amount of $1,472,000 ("Loan") from Crescent Bank and Trust Company ("Bank").  [Plaintiff's Statement of Undisputed Material Fact ("SMF") ¶ 1].  The Loan was secured by a Deed to Secure Debt and Security Agreement dated August 14, 2006 ("Security Deed"), in which Defendant PCF granted a security interest in an apartment complex located at 1365 Conley Road, Conley, Georgia 30288 ("Property").  [Id. ¶¶ 2-3].  The Loan was evidenced by a Promissory Note ("Note") dated August 14, 2006, signed by Defendant John C. Whitmore, Jr., on behalf of Defendant PCF.  [Id. ¶¶ 4-5].  As

5

provided in Section 1 of the Note, the maturity date of the Note was 35 months from August 1, 2006, a period expiring on July 14, 2009.  [Id. ¶ 6].

Defendants accepted an extension ("First Extension") of the maturity date of the loan as evidenced by a second note ("Second Note") reciting a principal balance of $1,369,749.67, dated July 14, 2009, and signed by Defendant PCF in favor of the Bank.  [Id. ¶¶ 7-9].  A second extension ("Second Extension") of the maturity date of the Loan was offered and accepted by Defendants and evidenced by a third note ("Third Note") dated October 14, 2009, and signed by Defendant PCF in favor of the Bank.  The maturity date was extended until December 15, 2009.  The Third Note recites a principal balance of $1,374,588,04.  [Id. ¶¶ 10-12].

On December 15, 2009, Defendant PCF executed the Amended and Restated Renewal Promissory Note ("Restated Note"), reciting a principal balance of $1,371,728.42.[2] [Plaintiff's SMF ¶ 13].  The Restated Note required monthly principal and interest payments of $12,526.82 on the 15th day of each month.  [Id. ¶ 15]. Defendants AVP and PCF signed the Assumption and Modification of Deed to Secure Debt and Security Agreement and Other Loan Documents ("Assumption Agreement"),

---

[2]The original Restated Note is lost; however, Defendants are not contesting the authenticity of the copy of the Restated Note relied on by Plaintiff in this case and, in fact, attached a copy of the Restated Note to the complaint.  [Doc. 1, Exhibit 4; Doc. 44 at 6 n.4; Plaintiff's SMF ¶¶ 13-14].

dated March 16, 2010.  [Id. ¶¶ 15-17].  Defendants Whitmores signed guaranty agreements on August 14, 2006, July 14, 2009, and October 14, 2009, and signed the Reaffirmation of Guaranty Agreement dated December 15, 2009.  Defendants Whitmores also signed the Guarantor's Consent appearing in the Assumption Agreement.  [Id. ¶¶ 18-30].  On July 23, 2010, Plaintiff FDIC-R became receiver of the Bank.  [Id. ¶ 31-33].  Pursuant to 12 U.S.C. § 1821(d)(2)(A), FDIC-R as receiver of the Bank acquired and has all right and title to the Loan, including the Restated Note, Assumption Agreement and Guarantees, as of July 23, 2010.  [Id. ¶ 34].

The last monthly installment of $12,586.82 made by Defendants on the Restated Note was for the installment due April 15, 2011.  [Id. ¶¶ 35-36].  According to Sections 2(b) and (c) of the Restated Noted, interest was payable at the Default Rate of 16% per annum based on a 360-day year.  And, according to Section 4 of the Restated Note, a late charge of 5% of the amount of any payment which is in default more than 10 days may be charged the borrower.  [Id. ¶¶ 37-38].  By letter dated September 20, 2011, Paul Rosenboom, Midland Loan Services, as loan servicer for FDIC-R, notified Defendants of a default on the Loan for failure to pay the May 15, 2011, installment and subsequent monthly installments. [Id. ¶ 39].  On October 3, 2011, Theron Warren, the attorney for FDIC-R, sent a letter notifying Defendants of the default and acceleration of the foreclosure sale of the Property scheduled for November 1, 2011.

Defendants received the Notice of Default and Foreclosure.  [Id. ¶¶ 40-41].  After

Defendants declined to provide a deed in lieu of foreclosure, a foreclosure sale was

held and the Property was sold to the FDIC-R for the bid amount of $700,000.[3]  [Id.

¶¶ 41-45, 47-48].

On November 1, 2011, immediately prior to the foreclosure sale, the principal

balance of the Loan was $1,321,516.17, accrued interest was $104,877 and late fees

were $3,758.05.[4]  [Plaintiff's SMF ¶ 46].  The deficiency owed, after applying the

$700,000 bid received at the foreclosure sale on November 1, 2011, was $726,393.17

for the principal amount and $3,758.05 in late fees. [Id. ¶ 49].  According to Plaintiff's

calculation, after the November 1, 2011, foreclosure, the outstanding principal of

$726,393.17 plus accrued interest at the daily rate of $322.84 plus late charges of

$626.25 on the 25th day of each month continue to accrue, with those amounts totaling

as of October 25, 2013:  $726,393.17 principal, $233,737.18 accrued interest, which

---

[3]On July 16, 2012, the Superior Court of Clayton County, Georgia, entered an order confirming the foreclosure sale of the Property pursuant to O.C.G.A. § 44-14-161.  [Id. ¶ 50].

[4]As noted, Defendants failed to specifically respond to this statement, and the statement stands admitted; however, in the response brief, they provided arguments why this amount is not correct.  [Doc. 49 at 5-8].  The court will address these arguments and why they are not persuasive *infra*.

is 16% default rate for November 1, 2011, to October 25, 2013, and $26,306.32 which is the 5% late charges for May 25, 2011, to October 25, 2013.[5]  [Id. ¶¶ 51-52].

The complaint contains Plaintiff FDIC-R's notice of intent to collect attorney's fees from Defendants Whitmores as provided under O.C.G.A. § 13-1-11, unless within 10 days of receipt of the complaint, Defendants paid the amount claimed in the complaint.  [Id. ¶ 53 (citing Doc. 1 ¶ 27)].  Although Defendants received notice of intention to seek attorney's fees, Defendants did not remit to FDIC-R payment in full within the specified time frame.  [Id. ¶¶ 54-55].  Each of the two-page guarantees signed by Defendants Whitmores on October 14, 2009, state in Section 5 as follows:

> The Undersigned will pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by lender in connection with the protection, defense, enforcement of this guaranty in any litigation or bankruptcy or insolvency proceeding.

[Id. ¶ 56].  Calculation using the attorney's fees formula under O.C.G.A. § 13-1-11 (as in effect on October 14, 2009) yields the following amount due in attorney's fees as of October 25, 2013, when applied to the principal and interest due as of that date, $96,038.30.  [Id. ¶ 57].

Additional facts will be set forth as necessary during discussion of Plaintiff's motion for summary judgment.

_____

[5]See footnote 4 *supra*.

## II.    Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (amended 2010).  Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion.  See Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986).

The movant bears the initial burden of asserting the basis of his motion, and that burden is a light one.  See Celotex, 106 S. Ct. at 2553.  The movant is not required to negate his opponent's claim.  See id.  Rather, the movant may discharge this burden merely by "'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case."  Id. at 2554.

When evaluating a motion for summary judgment, the court must view the evidence and factual inferences in the light most favorable to the nonmoving party.

AO 72A
(Rev.8/82)

See Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1309 (11th Cir. 2001).

However, the nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v.

Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). Instead, "the nonmoving party

must present evidence beyond the pleadings showing that a reasonable jury could find

in its favor." Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007) (citing

Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990)).

The court will apply these standards in ruling on the motion for summary

judgment.

## III.   Discussion

Plaintiff FDIC-R sued for a breach of the Restated Note and Assumption

Agreement executed by Defendants PCF and AVP with the predecessor in interest, the

Bank, on December 15, 2009, and March 16, 2010, respectively, and on Defendants

Whitmores' guarantees thereof. [Doc. 1]. The record establishes that Plaintiff has a

*prima facie* right to judgment as a matter of law. Defendants admitted in the response

to Plaintiff's motion for summary judgment and by failing to respond to the statement

of undisputed material facts that they executed the Restated Note, Assumption

Agreement and guarantees. [Plaintiff's SMF ¶¶ 13, 16, 18-30; Doc. 49 at 2-5]. The

undisputed evidence also establishes that on July 23, 2010, the FDIC was appointed

11

as Receiver for the Bank and that notice of the appointment was published in the Federal Register as of that date.   [Id. ¶¶ 31-33].   Pursuant to 12 U.S.C. § 1821(d)(2)(A), FDIC-R as receiver of the Bank acquired and has all right and title to the Loan, including the Restated Note, Assumption Agreement and Guarantees, as of July 23, 2010.  [Id. ¶ 34].  Plaintiff FDIC-R is the holder of the Restated Note.  See Federal Deposit Ins. Corp. v. Jackson, 2012 WL 568226, at *1 (N.D. Ga. February 17, 2012) (agreeing that, as Receiver, the FDIC "took over" the bank's "assets, including that ability to collect on outstanding Notes, by operation of law, and Defendant cannot challenge that it is a holder in due course") (quoting Federal Deposit Ins. Corp. v. Houde, 90 F.3d 600, 606 (1st Cir. 1996) ("Once a receivership of a failed bank takes place, the transfer of the failed bank's assets to the FDIC occurs by operation of law.")).

Defendants' promises to the pay the principal amount in accordance with the terms of the Restated Note, Assumption Agreement and guarantees are absolute and unconditional promises.  And Defendants are further obligated to pay Plaintiff FDIC-R, pursuant to the Restated Note, Assumption Agreement and guarantees, late charges of 5% of the amount of any payment which is in default for more than 10 days, as defined in the Restated Note.  Defendants are likewise obligated to pay FDIC-R interest at the default interest rate of 16% per annum based on a 360-day year.

12

[Plaintiff's SMF ¶¶ 37-38].  Significantly, Defendants admit that they have defaulted under the Restated Note, Assumption Agreement and guarantees because they "did not make any further monthly installment payments on the Restated Note" after April 15, 2011.  [Id. ¶¶ 35-36].

"Where, as here, the record shows that the [Restated Note and Assumption Agreement] and guarantees were duly executed by the Debtors and are in default, a prima facie right to judgment as a matter of law [is] established and the burden of production shift[s] to the Debtors to produce or point to evidence in the record which establishe[s] an affirmative defense." Big Sandy Partnership, LLC v. Branch Banking & Trust Co., 313 Ga. App. 871, 871-72, 723 S.E.2d 82, 84 (2012); and see First Citizens Bank and Trust Co., Inc. v. Hwy 81 Venture, LLC, 2012 WL 779894, at *6 (N.D. Ga. March 6, 2012) (once a plaintiff establishes a prima facie right to judgment on a promissory note, "the burden shift[s] to defendants to produce evidence showing a different amount owed, thereby creating a jury issue") (citing Hovendick v. Presidential Fin. Corp., 230 Ga. App. 502, 505, 497 S.E.2d 695, 272-73 (1998)). "[T]he Debtors [are] not entitled to rest on allegations in their pleadings to establish affirmative defenses on which they [will have] the burden of proof at trial, but [are] required to come forward with or point to specific facts in the record to establish affirmative defenses." Big Sandy Partnership, 313 Ga. App. at 872, 723 S.E.2d at 84;

and see <u>First Citizens Bank and Trust</u>, 2012 WL 779894, at *6 (merely arguing that the amount established by a plaintiff is not correct is not sufficient; "[w]ithout introducing evidence to show that the amount claimed by plaintiff is incorrect, or should be calculated in a different way, defendants cannot avoid summary judgment") (citing <u>Dunn v. Reliable Tractor, Inc.</u>, 248 Ga. App. 258, 260, 545 S.E.2d 695, 698 (2001) (for the proposition that mere argument found in a brief is not evidence), and <u>Hovendick</u>, 230 Ga. App. at 505, 497 S.E.2d at 273 (for "affirming summary judgment where plaintiff made prima facie case and defendants failed to dispute specific amount or offer evidence of the correct amount")).

Defendants have not met their burden in challenging the amount owed on the default of the Restated Note, Assumption Agreement and guarantees.  As noted, they failed to provide specific responses, supported with citations to the record, to Plaintiff's statement of undisputed material facts - which the court finds, contrary to Defendants' arguments, are supported by the record.  In the response brief, Defendants challenge reliance on the affidavit of Paul Rosenboom to establish the amount owed: (1) because the loan history upon which the affidavit is based begins on December 21, 2010, and provides no explanation for the stated balance of the loan on that date and (2) because the amounts calculated for late charges and accrued interest are hearsay,

that is, not part of the loan history or other business records upon which the affidavit is based.  [Doc. 49 at 5-8].  Defendants' arguments are not persuasive.

The court finds that Plaintiff may rely on the affidavit of Rosenboom to calculate the amount owed to Plaintiff based on the default by Defendants.  First, the loan history attached to Rosenboom's affidavit may be considered because the document falls within the business record exception to the hearsay rule.  See Fed. R. Evid. 806(3); and see First Citizens Bank and Trust, 2012 WL 779894, at *5.  Mr. Rosenboom, asset manager for Midland Loan Services (the loan servicer for FDIC-R) who had the responsibility for reviewing loan documents, monitoring the status of loans and communicating on behalf of FDIC-R with borrowers and guarantors, certifies that the loan history was prepared at or near the time of each transaction and was kept in the regular course of business and that it was Midland's regular practice to make such a record.  [Doc. 44-3 ¶¶ 4, 7, 25; Plaintiff's SMF ¶ 39].  Defendants do not challenge use of the loan history as hearsay.  Instead, they contend that there is no basis for Mr. Rosenboom to assert that the balance on the Loan on December 21, 2010, was $1,338,057.86 and that Plaintiff fails to account for the loan history from 2006 to December 2010.  [Doc. 49 at 5-6].

Plaintiff correctly points out that the Restated Note, entered on December 15, 2009, provides the principal balance on the Loan as $1,371,728.82.  [Doc. 50 at 2-3;

15

Plaintiff's SMF ¶ 13].  Defendants executed this Restated Note - or executed the Assumption Agreement and guarantees - and do not dispute this fact or this principal loan balance as stated therein.  Accordingly, the loan balance of $1,371,728.82 is established as of December 15, 2009.  Plaintiff also produced, and Defendants failed to dispute, the bank records of Defendants PCF and AVP which demonstrate that eleven payments by PCF and five payments by AVP were made by Defendants on the Restated Note starting January 27, 2010, with the last payment in the amount of $12,586.12 being made on April 19, 2011. [Plaintiff's SMF ¶ 58].  Using the payment dates and amount shown on the bank records of PCF and AVP, immediately after the last installment of $12,586.82 on April 19, 2011, the principal balance of the Restated Note was $1,321,639.17, which is $123.00 higher than the balance of $1,321,516.17 shown on the loan history relied on by Rosenboom.  [Plaintiff's SMF ¶ 59-60].  As Plaintiff correctly points out, this is an insignificant difference and utilizing the loan history relied by Rosenboom inures to Defendants' benefit.  The court concludes that Plaintiff established a *prima facie* case that the principal balance on the loan on November 1, 2011, was $1,321,516.17.

Defendants also challenge Rosenboom's calculation of late charges and accrued interest contending that these calculations are hearsay.  [Doc. 49 at 7-8].  Defendants misunderstand the source information upon which these calculations are based.

16

Rosenboom relied on the Restated Note's provisions, which are admissible evidence and not disputed by Defendants.  The Restated Note required monthly principal and interest payments of $12,526.82 on the 15th day of each month. [Plaintiff's SMF ¶ 15]. Defendants defaulted on the Restated Note as of May 2011.  [Id. ¶¶ 24-35].  And, based on Sections 2(b) and (c) of the Restated Note, interest was payable at the Default Rate of 16% per annum based on a 360-day year, and based on Section 4 of the Restated Note, a late charge of 5% of the amount of any payment which is in default more than 10 days may be charged the borrower.  [Id. ¶¶ 37-38].  As Plaintiff points out [Doc. 50 at 7-8], Rosenboom simply used the provisions of the Restated Note to calculate, as set forth in his affidavit, the amount of late charges and accrued interest. [Doc. 44-3 ¶¶ 21, 26-38].  The court has reviewed those calculations and finds no error.[6]  The court concludes that Plaintiff "provided sufficient evidence to make a *prima facie* case for the amount of money it is owed for unpaid interest, default interest, fees, and costs" based on the affidavit of Rosenboom.  Federal Deposit Ins. Corp. v. Lee, 2014 WL 241963, at *3 (M.D. Ga. January 22, 2014); and see CertusBank, N.A. v. LAH, LLC, 2013 WL 4009667, at *3 (M.D. Ga. August 5, 2013) (finding that reliance on the note, the loan history and loan payoff statement sufficiently establish the amount of the debt owed); First Citizens Bank and Trust,

---

[6]Defendants also fail to point out any error in the calculations.  [Doc. 49].

2012 WL 779894, at *5 (finding that the affidavit of the person with primary responsibility for the loans in question "gave him knowledge of how [the lender] maintained its account records" and allowed him "to rely on the account summaries in calculating the amounts sought by plaintiff in its claims against defendants").

And Defendants have not presented any admissible evidence that refutes the principal balance due or the calculation of late charges and accrued interest. [Doc. 49]. The attachment, Exhibit 1, to Defendants' response brief will not be considered by the court for a number of reasons. First, this document was not attached to a properly submitted response to Plaintiff's statement of undisputed material facts. See Reese, 527 F.3d at 1268 ("The proper course in applying Local Rule 56.1 at the summary judgment stage is for a district court to disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement."). Second, the document is not properly authenticated. "[T]o be considered in . . . opposition to a motion for summary judgment, a document must be authenticated either by an affidavit that meets the requirements of Rule 56[(c)(4)],[7] Fed. R. Civ. P., or in

---

[7]This rule provides: "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4) (as amended 2010).

accordance with the Federal Rules of Evidence." <u>McKenzie v. Citation Corp., LLC</u>, 2007 WL 1424555, at *7 (S.D. Ala. May 11, 2007).  And Fed. R. Evid. 901(a) "provides that '[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims.'" <u>Id.</u> (quoting Fed. R. Evid. 901(a)).  Defendants provided no affidavit or declaration satisfying Rule 56(c)(4) and have not properly authenticated the exhibit upon which they rely pursuant to Rule 901(a).  The court simply has no idea as to the source documents upon which the exhibit is based nor is there any information in the record explaining how the information was obtained or summarized.  Additionally, even if Rule 901(a) is satisfied, "there is still an evidentiary problem with the" exhibit - the exhibit constitutes hearsay.  <u>See</u> <u>Rolison v. Sterling</u>, 2009 WL 2514294, at *8 (S.D. Ala. August 13, 2009).  And Defendants have not identified an exception applicable to the exhibit's contents.

Defendants failed to provide any evidence that disputes Plaintiff's calculation of damages; instead, Defendants "content[ed] [themselves] with assertions that the FDIC[-R] has not adequately stated how it calculated the amount owed on the [Restated] Note[.  Defendants do] not convince the Court that there is a genuine factual dispute on this issue." <u>Lee</u>, 2014 WL 241963, at *3; <u>and see</u> <u>First Citizens Bank and</u>

<u>Trust</u>, 2012 WL 779894, at *6 ("Without introducing evidence to show that the amount claimed by plaintiff is incorrect, or should be calculated in a different way, defendants cannot avoid summary judgment."). For these reasons, the court finds that, in addition to the principal amount due as of November 1, 2011, of $726,393.17, as of October 25, 2013, Defendants owe accrued interest due to the default of $233,737.18 and owe late charges of $26,306.32.

Finally, Plaintiff FDIC-R seeks attorney's fees as provided for under O.C.G.A. § 13-1-11 from Defendants Whitmores as demanded in the civil complaint. [Doc. 1 ¶ 27]. Defendants Whitmores have not objected to the demand for attorney's fees. [Doc. 49]. The complaint contained Plaintiff FDIC-R's notice of intent to collect attorney's fees as provided under O.C.G.A. § 13-1-11, unless within 10 days of receipt of the complaint, Defendants paid the amount claimed in the complaint. [Plaintiff's SMF ¶ 53 (citing Doc. 1 ¶ 27)]. Although Defendants received notice of intention to seek attorney's fees, Defendants did not remit to FDIC-R payment in full within the specified time frame. [<u>Id.</u> ¶¶ 54-55]. Each of the two-page guarantees signed by Defendants Whitmores on October 14, 2009, state in Section 5 as follows:

> The Undersigned will pay or reimburse Lender for all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by lender in connection with the protection, defense, enforcement of this guaranty in any litigation or bankruptcy or insolvency proceeding.

[Id. ¶ 56].  Calculation using the attorneys' fees formula under O.C.G.A. § 13-1-11 (as in effect on October 14, 2009) yields the following amount due in attorney's fees as of October 25, 2013, when applied to the principal and interest due as of that date: $96,038.30.  [Id. ¶ 57].

As Plaintiff asserts, "OCGA § 13-1-11 establishes limits and procedures regarding obligations to pay attorney fees 'upon any note or other evidence of indebtedness' and such obligations 'contained in security deeds and bills of sale to secure debt.'" Textile Rubber and Chemical Co., Inc. v. Thermo-Flex Technologies, Inc., 308 Ga. App. 89, 93, 706 S.E.2d 728, 733 (2011) (quoting O.C.G.A. § 13-1-11(a), (b)).  "As a prerequisite to obtaining OCGA 13-1-11 attorney fees, the party seeking the fees is required to issue a demand notice, which must (1) be in writing, (2) to the party sought to be held on the obligation, (3) after maturity, (4) [state] that the provisions relative to payment of attorney fees in addition to principal and interest will be enforced, and (5) [state] that the party has 10 days from the receipt of such notice to pay the principal and interest without the attorney fees." Id.  Substantial compliance with these requirements is sufficient.  Id.  When, as in this case, the underlying note or contract does not specify the amount of attorney fees or how to calculate such fees, O.C.G.A. § 13-1-11(a)(2) "provides that the party seeking fees may recover '15

21

percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00.'"[8] <u>Textile Rubber and Chemical Co.</u>, 308 Ga. App. at 93 n.1, 706 S.E.2d at 733 n.1 (quoting O.C.G.A. § 13-1-11(a)(2)); <u>and see</u> <u>Austin v. Bank of America, N.A.</u>, 293 Ga. 42, 46 n.1, 743 S.E.2d 399, 403 n.1 (2013) ("By operation of law OCGA § 13-1-11 becomes a part of all promissory notes 'and all such instruments must be construed in the light of this particular section.'") (citation omitted).

Plaintiff satisfied the requirements of this provision.  After the default on the Restated Note in May 2011, when that installment payment was not made and no further payments were made, on September 11, 2011, and October 3, 2011, Plaintiff caused to be sent to Defendants Whitmores letters notifying them of the default on the Restated Note and intent to seek attorney's fees.  [Plaintiff's SMF ¶¶ 39-40].  And, as noted, in the complaint, Plaintiff notified Defendants of the intent to seek attorney's fees if they did not remit payment within ten days of receipt of the complaint.  [<u>Id.</u> ¶ 53 (citing Doc. 1 ¶ 27)].  <u>See</u> <u>Federal Deposit Ins. Corp. v. Sri Chakra Group LLC</u>,

---

[8]The amendment of O.C.G.A. § 13-1-11 on May 2, 2012, is only applicable to contracts entered on or after July 1, 2011, and as such, the version of § 13-1-11 discussed herein is applicable to the guarantees executed in 2009.  [Doc. 44 at 20 n.16].

AO 72A
(Rev.8/82)

2014 WL 415810, *5 (M.D. Ga. February 3, 2014) ("Both the demand letter sent to the Defendants and the complaint contained the requisite statutory notice.").

Plaintiff also provided a calculation in accordance with § 13-1-11 of the amount of attorney's fees due as of October 25, 2013:  (a) 15% of the first $500 due in principal and interest is $75.00; (b) 10% of the amount of principal and interest owing in excess of $500, that is, $726,393.17 + $233,737.18 - $500 = $959,630.34 and multiplying that amount by 10% is $95,963.03; and (c) for total attorney's fees of $96,038.30.  [Plaintiff's SMF ¶ 57].  As noted, Defendants Whitmores do not dispute that attorney's fees are owed or the calculation of the fees due as of October 25, 2013. [Doc. 49].

For these reasons, the court finds that Defendants PCF, AVP and Whitmores are jointly and severally liable on default of the Restated Note, Assumption Agreement and guarantees for the following amounts as October 25, 2013:

**Principal**               **$726,393.17**

**Accrued Interest**  **$233,737.18**

**Late Charges**         **$ 26,306.32**

And that Defendants Whitmores are jointly and severally liable for **attorney's fees** in the amount of **$96,038.30** as of October 25, 2013.

23

## IV.     The Precise Amount to Be Set Out in the Judgment

Since October 25, 2013, prejudgment interest on the outstanding balance has continued to accrue at a daily rate of $322.84 against all Defendants and attorney's fees, as calculated *supra*, has also continued to increase against Defendants Whitmores.   [Doc. 44 at 23-24].   Plaintiff is directed to complete the necessary calculations, setting out clearly how it has done so, to arrive at the amount of interest that has accrued and the increase in the amount of attorney's fees, as of the anticipated date of issuance of the judgment:   **April 18, 2014**.   Plaintiff shall provide to Defendants the proposed judgment, with the calculation explanation, by March 28, 2014, and Defendants shall have until April 4, 2014, to contest the calculation but only with respect to the amounts sought in addition to the amounts the court has found owed as of October 25, 2013.   The parties shall discuss and attempt to resolve any dispute regarding calculation of amounts set forth in the proposed judgment.   In any event, Plaintiff is to submit a proposed judgment that sets out the monies to be awarded no later than April 11, 2014.   See First Citizens Bank and Trust, 2012 WL 779894, at **6-7.

## V.     Count III

Due to the grant of summary judgment on Counts I and II, Plaintiff seeks to have the court determine pursuant to Fed. R. Civ. P. 54(b) that there is no reason that final

24

judgment cannot be entered on Counts I and II.  Plaintiff makes this request because Count III, which is not addressed in the motion for summary judgment, is pleaded in the alternative and not necessary to afford Plaintiff full relief.  [Doc. 44 at 2 n.1, 24 n.20].  The court, instead, determines that upon entry of judgment on April 11, 2014, that Count III be dismissed without prejudice and, absent objection, will so order in the final judgment.

## VI.    Conclusion

For the foregoing reasons and cited authority, Plaintiff's motion [Doc. 44] for summary judgment is **GRANTED**.  As set forth *supra* in Section IV., Plaintiff shall provide a proposed judgment to Defendants by **March 28, 2014**, and submit a proposed judgment to the court by **April 11, 2014**.  As specified *supra*, if Defendants contest that judgment, they must do so by **April 4, 2014**, explaining what the accurate figures should be in the final judgment.

**SO ORDERED THIS** 11th day of March, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)